# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3286 | **DATE** | 7/12/00 |
| **CASE TITLE** | Cruz, et al. vs. Town of Cicero | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Plaintiffs; Motion for Summary Judgment
> Defendant; Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court denies plaintiffs' motion for summary judgment [51-1]. It denies defendant's motion for summary judgment [50-1] as to plaintiff's Equal Protection claim and grants defendant's motion for summary judgment as to all other claims.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 1 4 2000 | | |
| X | Docketing to mail notices. | | | | 84 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| SLB | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SYLVIA CRUZ, LUZ MUNOZ, ARMAND GONZALEZ, VICTOR SAGAS, MICHAEL ADAMS, PINNACLE BANK, as Trustee under Trust Number 11500 dated March 20, 1997, Trust Number 10328 dated September 26, 1991, and Trust 11279 dated February 22, 1996, and VAL., INC., an Illinois Corporation,

        Plaintiffs,

        v.

TOWN OF CICERO, ILLINOIS, a Municipal Corporation,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

99 C 3286

Judge George W. Lindberg

DOCKETED
JUL 14 2000

## MEMORANDUM OPINION AND ORDER

Plaintiffs in this action, a group of real estate developers and individuals wishing to purchase property from those developers, allege that defendant, the Town of Cicero, violated their Equal Protection, Due Process and Fair Housing Act rights when the Town refused to issue certificates of compliance for condominiums the selling plaintiffs own and were attempting to sell. The Town claimed that the buildings do not have 1½ parking spaces per unit as it asserts is required under its zoning ordinance. Without a certificate of compliance, the condominiums cannot be sold and the purchasing plaintiffs' real estate closings have been indefinitely postponed. The court previously adopted most of the factual findings and all of the legal conclusions in Magistrate Judge Keys' report and recommendation (R&R) and denied plaintiffs' motion for a preliminary injunction after determining that plaintiffs did not establish a likelihood

of success on the merits of any of their claims.[1] The parties now have filed motions for summary judgment.

"A court must be cautious in adopting findings and conclusions from the preliminary injunction stage in ruling on a motion for summary judgment." *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1205 (7th Cir.1985)). Even with this caveat in mind, the court notes that most of the factual allegations and legal arguments were previously made in the briefs for the motion for a preliminary injunction and addressed in the magistrate judge's R&R as well as this court's opinion adopting the conclusions from the R&R. The parties have added little to the record in their motions for summary judgment. Of course, "the questions focused on differ in deciding a motion for preliminary injunction and in deciding a motion for summary judgment. In the former a court considers whether there is a reasonable likelihood that the moving party will prevail on the merits; in the latter a court considers whether there is any issue of material fact remaining after construing the facts in a light most favorable to the non-moving party. *Id.* (citations omitted). To the extent, however, that the parties did not submit additional evidence concerning a contested fact after the hearing on the preliminary injunction, the findings of fact iterated in the R&R will stand. In any event, at this stage the parties continue to dispute the application of the law to the facts more than they dispute the particular facts themselves. The court will address only the arguments that do not simply rehash the parties' previously stated positions and will apply it to the newly submitted facts as well as those established at the preliminary injunction stage.

---

[1] The court presumes familiarity with the magistrate judge's findings of fact and law in the R&R as well as with the court's memorandum and opinion addressing those findings.

The biggest addition to the parties' briefs and arguments is plaintiffs' claim that the Supreme Court's recent decision in *Village of Willowbrook v. Olech*, in which the Court held that a plaintiff can maintain an Equal Protection claim even when the alleged class is only a "class of one," controls the outcome of this case. 120 S.Ct. 1073 (2000). The Supreme Court held that this type of Equal Protection claim is successfully made where the plaintiff establishes that it "has been treated differently from others similarly situated and that there is no rational basis for the treatment." *Id.* at 1074. The notable difference between *Olech* and the instant case is the stage of the proceedings: *Olech* involved a motion to dismiss, where plaintiffs were required only to allege arbitrary and capricious conduct, and the instant case involves motions for summary judgment, where the parties are required to rely on the factual record to support their claims. Plaintiffs must point to evidence establishing that they were treated differently from similarly situated individuals before they can succeed on this claim.

As noted in the R&R and this court's previous opinion, no evidence of a retaliatory motive or a vindictive relationship between the parties exists in this case. The parties had previously enjoyed a cooperative relationship revolving around plaintiffs' conversions of former apartment buildings into condominium buildings. As plaintiffs point out, however, the Supreme Court in *Olech* did not require an Equal Protection claim to contain an allegation that defendant harbors ill will toward the plaintiff. *Id.* at 1075. Instead, plaintiffs are required to show that the defendant treated them differently than others similarly situated and that there was no rational basis for the different treatment. *Id.* In its ruling on the motion for a preliminary injunction, the court found that the Town's decision to enforce the previously dormant parking ordinance was validly based on an increasing concern about parking complaints. Town President Betty-Loren

Maltese testified that she believed condominium residents were more likely to own more cars than apartment renters, and that additional parking requirements should therefore be imposed for condominiums.

In its motion for summary judgment, however, plaintiffs have proffered evidence that after the Town denied certificates of compliance as to the buildings at issue in this case because they did not have 1½ parking spaces per unit, the town granted certificates of compliance to Joseph Pav, another condominium developer, despite the fact that Pav's building did not have 1½ parking spaces per unit. This somewhat deflates defendant's claim that its change from a policy of not enforcing the long-standing ordinance to one of enforcement was caused by a general concern about parking complaints. Although defendant points out that over the course of its relationship with plaintiffs, it provided more parking variances to them than it did to Pav, these variances to plaintiffs occurred before defendant decided to begin to apply the ordinance at all. Defendant offers no explanation as to why, in the face of a growing concern about parking, it would deny one developer certificates of compliance while granting a similar developer certificates of compliance. Although a difference in parking needs in the building's adjacent streets would presumably be all defendant would need to show before establishing that it had a rational reason for the difference in treatment, the record is not clear that Pav's building actually provided more on-street parking than plaintiffs'. The court finds that this factual twist, coupled with the fact that the ordinance was not previously utilized at all, establishes enough of a genuine issue of material fact that plaintiffs may avoid summary judgment against them on their claim

that defendant treated them differently than similarly situated developers without a rational basis, thereby violating their Equal Protection rights. [2]

As to plaintiffs' claims that the ordinance is void for vagueness, that the defendant's invocation of the ordinance at all is arbitrary and capricious, and that defendant's conduct was based on race, the court finds that the parties have presented no new legal arguments or factual allegations as to these issues.[3] The court therefore adopts its ruling on these issues from the motion for a preliminary injunction. It therefore denies plaintiffs' motion for summary judgment and grants defendant's motion for summary judgment as to these claims.

---

[2] Plaintiffs also point to new evidence that in addition to denying certificates of compliance for the buildings at issue, defendant has now thwarted their efforts to comply with the ordinance and buy a lot adjacent to one of the buildings for use as a parking lot. Plaintiffs claim that defendant has indefinitely tabled their request for a "curb cut" that would allow them to proceed with the transformation of this property into a parking lot. In light of the court's ruling on the Equal Protection claim, it need not consider whether evidence of vindictive conduct that occurs long after the complained-of action is relevant to a claim that the earlier action was motivated by animus or whether it is relevant only to a retaliation claim.

[3] Although plaintiff claims that the evidence that the ordinance was not applied to other developers rebuts defendant's "legitimate nondiscriminatory reason" for its decision and creates an issue of fact as to its Fair Housing Act claims, the court found in its previous opinion that plaintiffs had not established a prima facie case. Defendant is therefore not required to provide a legitimate nondiscriminatory reason for its action.

**ORDERED**: For the foregoing reasons, the court denies plaintiffs' motion for summary judgment. It denies defendant's motion for summary judgment as to plaintiff's Equal Protection claim and grants defendant's motion for summary judgment as to all other claims.

**ENTER**:

George W. Lindberg
United States District Judge

DATED: ___JUL 1 2 2000___